CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 17 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ISRAEL RAY COOPER, | ) | CASE NO. 7:15CV00522 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| WARDEN E. BARKSDALE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Israel Ray Cooper, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He now moves for leave to file an amended complaint, which the court will grant. In the amended complaint, Cooper alleges, among other things, that prison officials have used excessive force, disciplinary charges, and segregation to retaliate against him for his use of procedures under the Prison Rape Elimination Act ("PREA") and the prison grievance procedures. By separate order, the court will direct the clerk to attempt service of the amended complaint on the defendants. However, Cooper has also filed several motions for interlocutory injunctive relief. After review of the record, the court concludes that these motions must be denied.

Cooper states that because he believed himself to be in danger from prison gangs, he tattooed himself with phrases suggesting that he is a child molester, although he has never been convicted of any such offense. Allegedly because of these tattoos, officials assigned Cooper to a protective custody unit, which is currently located at Red Onion State Prison. Cooper alleges that in the past eight months, he has been assaulted on four occasions at Red Onion: (1) on March 25, 2015, Officers White and Adams verbally taunted Cooper about his tattoos and each punched him in the chest; (2) on April 12, 2015, after a discussion about photos in Cooper's cell,

Sgt. Hall cupped his right hand and slapped Cooper's left ear, allegedly causing some loss of hearing; (3) on May 26, 2015, after Lt. Adams moved Cooper to a mental health behavioral modification pod, Cooper cut his own arms, to which officers responded by spraying him with pepper spray and placing him in five-point restraints; and (4) on October 7, 2015, officials cuffed and shackled Cooper and ordered him to move to another cell; when he refused, Officers White, Adams, and Taylor threw Cooper into the cell, stomped on his legs and feet, slammed the door on his feet multiple times, and used the leash attached to his handcuffs to pull him through the tray slot and feed box, causing cuts to his arms. Cooper also alleges that officers have verbally abused him, have accused him of misusing PREA procedures to report alleged sexual abuse by officers, have brought multiple false disciplinary charges against him, and have subjected him to more than 75 days in segregated confinement.

In his motions for interlocutory injunctive relief, Cooper seeks a court order directing that he be separated from the defendant officers, be provided access to grievance procedures and PREA procedures, and be transferred to an alternate protective custody unit. Absent such relief, he fears he will suffer additional assaults, continue to be hampered in filing grievances and PREA reports, and remain wrongfully confined to segregation.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1] Winter v. Natural Res.

---

[1] Plaintiff requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer "immediate and irreparable injury, loss or damage" if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b)(1). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

Def. Council, Inc., 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. Id. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with" the fact that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Cooper alleges that the four past assaults of which he complains support a finding that he is likely to suffer irreparable harm absent court intervention. The court cannot agree. The first two incidents occurred months ago, resulting in relatively minor harm, and nothing in the complaint or motions suggests that any similar incident is likely to occur or to cause Cooper irreparable harm in the future. The other two incidents stemmed, in part, from Cooper's own actions—cutting his arms and refusing to comply with orders. Because Cooper can prevent such incidents in the future merely by complying with orders and not harming himself, the court cannot find that interlocutory injunctive relief is warranted. Finally, Cooper fails to show any likelihood that his alleged, current difficulties with access to the grievance procedures or to PREA procedures will result in irreparable harm. Indeed, he does not allege that any of the prior PREA complaints he filed concerned harmful or even inappropriate physical contact of a sexual nature. While the court will allow Cooper to litigate the § 1983 claims related to the alleged incidents, he has failed to state facts showing that he is entitled to the extraordinary interlocutory relief he seeks.

For the stated reasons, the court will deny Cooper's motions for interlocutory injunctive relief. An appropriate order will enter this day. The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of November, 2015.

_____
Chief United States District Judge