IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ISRAEL RAY COOPER, | ) | CASE NO. 7:15CV00522 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| WARDEN E. BARKSDALE, ET Al., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Israel Ray Cooper, a Virginia inmate proceeding pro se, has filed his fifth letter/motion, which the court construes as seeking some unspecified form of interlocutory injunctive relief. By opinion and order entered November 17, 2015, the court denied Cooper's first four such motions. This fifth motion must also be denied.

The instant letter/motion is dated November 19, 2015, and alleges that "today" two officers verbally "threaten[ed his] safety" and threw some "legal papers" in the trash and threatened another inmate to "leave it alone or become a victim too." Cooper states that he identified these officers in a previous submission as defendants he intends to add to this lawsuit. Cooper also alleges that his counselor has served paperwork recommending that his security level be increased, which would result in his removal from protective custody and his transfer to long-term segregation. Cooper alleges that "they are starting fabricated charges . . . to sustain this" classification change.

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor; and that an injunction is in the public

interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Cooper fails to make these four showings.

First, his allegations do not suggest any likelihood that the alleged verbal threats and classification changes will result in irreparable harm. Indeed, Cooper does not allege having raised his concerns with any prison official through the prison's grievance procedures, as required before he can pursue a court action. See 42 U.S.C. § 1997e(a). When he does so, he may obtain assistance to avoid any potential harm, and until he complies with § 1997e(a), he has no likelihood of success on any court claim raised in this motion. Accordingly, the court concludes that he is not entitled to the extraordinary interlocutory relief he seeks and will deny his motion. An appropriate order will enter this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of November, 2015.

_____
Chief United States District Judge